16 F.3d 421
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Nicolas J. FREDELUCES, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3435.
 United States Court of Appeals, Federal Circuit.
 Dec. 16, 1993.
Rehearing Denied Feb. 9, 1994.
 
 Before MICHEL and PLAGER, Circuit Judges, and MESKILL, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Fredeluces appeals the June 8, 1993 decision of the Merit Systems Protection Board (Board)[1], Dkt. No. SE0831920311-I-1, affirming the Office of Personnel Management's (OPM) denial of his application for Civil Service Retirement Act (CSRA) benefits. We affirm.
 
 DISCUSSION
 
 2
 On appeal, our standard of review is narrow. Under 5 U.S.C. Sec. 7703(c) (1988), we must affirm the decision of the Board unless we find it to be:
 
 
 3
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 4
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 5
 (3) unsupported by substantial evidence.
 
 
 6
 Fredeluces argues that the Board's decision is in error because under applicable law he is in fact entitled to CSRA retirement benefits. According to Fredeluces, he served in a position covered by the CSRA for a year within the two-year period immediately prior to his separation in 1970. Thus, under 5 U.S.C. Sec. 8333(b) (1988)[2], he is entitled to an annuity.
 
 
 7
 We disagree. The Board concluded that Fredeluces' 1952 appointment was excepted from coverage of the CSRA pursuant to Sections 1 and 3 of Executive Order No. 10180[3]. It further concluded that Fredeluces' position continued to be excepted from coverage after that order was revoked effective January 23, 1955[4] through the enactment of a regulation by the Civil Service Commission which became effective on October 30, 1956.[5] 21 Fed.Reg. 8262 (1956)
 
 
 8
 Fredeluces argues that these conclusions are in error because his 1952 appointment was in fact covered by the CSRA pursuant to the "continuity of service" provision set forth in Section 3 of Executive Order No. 10180. According to Fredeluces, through operation of this provision, his 1952-1970 period of federal service was covered because it was continuous with his 1941-1946 period of service (which the Board did not dispute was covered by the CSRA). Thus, the covered status of the 1941-1946 period of employment carried over to the 1952-1970 period of employment.
 
 
 9
 We are unpersuaded. First, there is no indication in the record that Fredeluces raised this issue before the Board. Therefore, it would not be proper for us to consider it on appeal. Second, even were we to consider this issue on the merits, Fredeluces would not be entitled to a carryover of covered status pursuant to 5 C.F.R. Sec. 29.2(b) (1959)[6]. According to that section, there can not be a carryover of covered status if there was a break in service of more than 3 days between the two periods of service. The record shows that the break between Fredeluces' two periods of federal employment was more than 6 years. Thus, he would not be entitled to a carryover of status.
 
 
 10
 Fredeluces next argues that his position throughout the 1952-1970 period of employment was of indefinite duration, and that the Civil Service Commission, under Section 2(e) of the Civil Service Retirement Act Amendments of 1956[7], lacked the authority to except such a position from coverage of the CSRA because an indefinite position is neither "intermittent" nor "temporary". Thus, according to Fredeluces, 5 C.F.R. Sec. 29.2(a)(13) was of no force and effect, and Fredeluces' position became covered when Executive Order No. 10180 was revoked effective January 23, 1955.
 
 
 11
 Again, we are unpersuaded. The Commission (and OPM, the Commission's successor) have consistently interpreted for over 30 years these terms as encompassing non-permanent appointments, such as Fredeluces', made pursuant to Executive Order No. 10180.[8] Moreover, Congress plainly delegated to the Commission the authority to implement the statutory provision. Thus, we are bound to follow this interpretation unless there are compelling reasons that it is wrong. Chevron U.S.A. v. National Res. Def. Council, 467 U.S. 837, 843-44 (1984); Money v. Office of Personnel Management, 811 F.2d 1474, 1477 (Fed.Cir.1987).
 
 
 12
 Fredeluces argues that the interpretation is plainly erroneous based on a statement in the legislative history accompanying section 2(e). According to that statement, the Commission's authority under that section is "subject to the restriction that no employee shall be excluded from coverage who has had more than 12 months continuous service." S.Rep. No. 2642, 84th Cong., 2d Sess. Sec. 2(e) (1956), reprinted in 1956 U.S.C.C.A.N. 3725, 3729.
 
 
 13
 We cannot agree. The statement in question related to a sentence added by the Senate to section 2(e) of the House bill, H.R. 7619. 102 Cong.Rec. 13661, 13664 (1956).[9] That sentence was deleted before passage by the Conference Committee. H.Rep.No. 2935, 84th Cong., 2d Sess. 17 (1956). Thus, the statement is irrelevant to the proper interpretation of the statute as enacted.
 
 
 14
 We have considered all the remaining arguments made by Fredeluces, and find them to be either unpersuasive or not dispositive. For all the foregoing reasons, we affirm.
 
 
 
 *
 Honorable Thomas J. Meskill, Senior Circuit Judge, U.S. Court of Appeals for the Second Circuit, sitting by designation
 
 
 [1]
 The Administrative Judge (AJ) rendered an initial decision on October 9, 1992. That decision became final on June 8, 1993, when the Board reopened the case on its own motion and affirmed the initial decision as modified
 
 
 [2]
 That section provides in relevant part:
 An employee or Member must complete, within the last 2 years before any separation from service, ... at least 1 year of creditable civilian service during which he is covered by this subchapter before he or his survivors are eligible for annuity under this subchapter based on the separation.
 The parties do not dispute that this statute does not differ in any material respect from the corresponding statute(s) in effect throughout Fredeluces' 1952-1970 tour of duty.
 
 
 [3]
 Those sections provide in relevant part:
 Section 1. (a) On or after December 1, 1950, and until such time as the President may find it no longer necessary in the interest of the national defense, all appointments in the executive branch of the Government shall be made on a nonpermanent basis ...
 * * *
 Sec. 3. Persons given nonpermanent appointments pursuant to section 1 of this order are hereby excluded from the operation of the Civil Service Retirement Act of May 29, 1930, as amended, unless eligible for retirement benefits by continuity of service....
 Executive Order No. 10180, reprinted in 1950 U.S. Code Cong. Serv. 1671, 1672.
 
 
 [4]
 By Executive Order No. 10577, reprinted in 1954 U.S.C.A.A.N. 1881, 1889
 
 
 [5]
 That regulation is 5 C.F.R. Sec. 29.2(a)(13) (1959) which provides:
 (a) The following groups of employees in the executive branch of the Government are excluded from the Civil Service Retirement Act:
 * * *
 (13) Employees serving under non-permanent appointments made pursuant to section 1 of Executive Order 10180 of November 13, 1950.
 
 
 [6]
 That regulation provides in relevant part:
 The exclusions in paragraph (a) of this section do not operate to deny retirement coverage in any case in which ..... employment in the excluded category follows employment subject to the act without a break in service of three days or less....
 It is now enacted, without material change, as 5 C.F.R. Sec. 831.201(b)(1) (1992).
 
 
 [7]
 That section provides in relevant part:
 The Commission may exclude from the operation of this Act any employee ... in the executive branch of the United States Government ... whose tenure of office or employment is temporary or intermittent.
 
 
 [70]
 Stat. 745
 
 
 [8]
 In 1992, OPM enacted 5 C.F.R. Sec. 831.201(a)(13). That regulation does not differ in any material respect from 5 C.F.R. Sec. 29.2(a)(12). It was enacted pursuant to 5 U.S.C. Sec. 8347(g) (1988). That section, like section 2(e) of the 1956 Amendments, is limited to "temporary" or "intermittent" appointments. Thus, the interpretation of these terms has been consistent for over 30 years
 
 
 [9]
 Section 2(e) of the House bill as amended by the Senate read as follows:
 The Commission may exclude from the operation of this act any employee ... in the executive branch of the United States Government ... whose term of office or employment is temporary or intermittent, except that no employee shall be excluded under this subsection after he shall have had more than 12 months continuous service. (Emphasis added)
 The underlined portion is the sentence in question.